UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JACK MILLER, ANNABEL CAMPBELL, MATTHEW PESINA, LISA PESINA, M.P., a minor, and J.G., a minor,

                *Plaintiffs,*

v.

CHIEF JOSEPH SALVAGGIO, in his individual and official capacities, OFFICER JIM WELLS, in his individual and official capacities, OFFICER ANDERSON, in his individual and official capacities, OFFICER SAUCEDO, in his individual and official capacities, OFFICER J. VASQUEZ, in his individual and official capacities, STATE POLICE OFFICER JOHN DOE, in his individual and official capacities, BEXAR COUNTY MAGISTRATE, in their individual and official capacities, KIRBY POLICE DEPARTMENT, and LEON VALLEY POLICE DEPARTMENT, jointly and severally,

                *Defendants*.

Case No. 20-cv-00642

_____/
Solomon M. Radner, Esq.
EXCOLO LAW, PLLC
*Attorney for Plaintiffs*
26700 Lahser Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

NOW COME Plaintiffs, JACK MILLER, ANNABEL CAMPBELL, MATTHEW PAESINA, LISA PESINA, M.P., and J.G., by and through their attorneys, EXCOLO LAW, PLLC, for their Complaint against Defendants, respectfully alleges the following:

## JURISDICTION AND VENUE

1.  This is a civil action for money damages brought pursuant to 42 U.S.C. § 1983, and the First and Fourth Amendments to the United States Constitution.

2.  This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs, and attorney fees.

4.  The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States Western District of Texas, San Antonio Division.

5.  Venue is appropriate in the Western District of Texas, San Antonio division pursuant to 28 U.S.C. § 1391(b) since the Individual Defendants are residents of Western Texas and the acts providing the legal basis for this Complaint occurred in the City of Leon Valley, County of Bexar, State of Texas.

## PARTIES

6. The Plaintiffs, Jack Miller, Annabel Campbell, Matthew Paesina, Lisa Garcia, M.P. and J.G., at all pertinent times were residents of the City of Leon Valley, the State of Texas, and citizens of the United States.

7. Defendants, Chief Officer Salvaggio, Officer Jim Wells, Officer Anderson, Officer Saucedo, Officer J. Vasquez, and State Police Officer John Doe, at all times relevant herein, were acting in their individual and official capacities under color of state law as law enforcement officers.

8. Defendant, Bexar County Magistrate, at all times relevant herein, was acting in their individual and official capacities under color of state law.

9. Defendant, The Kirby Police Department, at all times relevant herein, is a law enforcement subdivision of Texas, and was acting in its individual and official capacities under color of state law.

10. Defendant, Leon Valley Police Department, is a law enforcement subdivision of the State of Texas, and, at all times relevant herein, was acting under color of state law.

11. The individual Defendants, Chief Officer Salvaggio, Officer Jim Wells, Officer Anderson, Officer Saucedo, and Officer J. Vasquez, will herein be referred to collectively as the individually named Defendant Officers. Upon information and belief, all the individually named Defendant Officers are citizens of the United States and are law enforcement officers within the jurisdiction of the County of Bexar and

are employed by the City of Leon Valley in the Leon Valley Police Department. Furthermore, at all times relevant to this action, these Defendants were acting under the color of law and were acting within the course and scope of their employment with the City of Leon Valley.

12. On or about May 31, 2018, at the time of the events alleged in this Complaint, all the individually named Defendants were at all times each acting in their individual capacities, within the course and scope of their employment as police officers and/or agents employed by the City of Leon Valley, and under the color of law.

## FACTUAL BACKGROUND

13. On May 31, 2018, Plaintiff Miller was at city hall at 4:30 pm for approximately 45 minutes, exercising his First Amendment Right to petition the government by delivering a complaint against the police department.

14. Plaintiff Miller, at all times relevant, was a First Amendment Auditor.

15. Plaintiff Miller had a previous incident with the Olmos Park Police and was "arrested for sign" due to having a fake gun. Case# 18-02879 filed by reporting officer James Lopez #352 show that the gun was, indeed, fake.

16. Plaintiff Miller entered city hall to deliver complaint.

17. Plaintiff Miller had a holster with a fake gun on his hip in plain sight.

18. Having a fake gun at city hall is not an arrestable offense.

19. Plaintiff Miller was searched and "wanded" by security.

20. Plaintiff Miller informed security that he was there to deliver a complaint.

21. Security asked him to stand on the side.

22. While at city hall, Defendant Officers (as well as others) were discussing the complaint.

23. Defendant Officer Wells came to talk to Plaintiff Miller and asked him to leave with his gun.

24. Plaintiff Miller walked out of city hall with Defendant Officer Wells.

25. Plaintiff Miller was instructed to put his gun in car.

26. Plaintiff Miller complied.

27. Defendant Officer Anderson came outside to Miller's vehicle.

28. Plaintiff Miller insisted on writing a complaint.

29. Plaintiff Miller remained on premises for 30 minutes while Defendant Officers Anderson and Wells mocked him.

30. Plaintiff Miller insisted that Officer Anderson get another officer to come outside.

31. Defendant Officer Saucedo joined the group of officers outside. He shook hands with Plaintiff Miller and took his complaint.

32. Plaintiff Miller went outside and smoked a cigarette with his friend, Brian Howd.

33. Plaintiff Miller arrived home at midnight.

34. Defendant Officers arrived at Plaintiff Miller's home with a no-knock warrant, accompanied by the Kirby Police and an unidentified State Police Officer, who had the warrant and the affidavit.

35. The affidavit stated that Plaintiff Miller had entered the Leon Valley City courthouse with a firearm.

36. According to Kelly Kuenstler, MPA, the Leon Valley City Manager, Leon Valley does not have a courthouse.

37. The allegations in the affidavit were therefore false and the warrant was unlawfully obtained.

38. The no-knock search warrant was issued at 10:30 pm on May 31, 2018 and signed by the Bexar County Magistrate.

39. The warrant commanded Defendant Officers to enter and search Plaintiff Miller's home for a black semi-automatic hand gun, a Go Pro Camera, any cell phone media devices used to record, computer desk top or laptop, and photographic evidence.

40. Defendant Officers entered Plaintiff Miller's home and pointed their guns at everyone inside (all Plaintiffs party to this case).

41. Miller was charged with possessing a gun on government property.

42. Miller was prosecuted for the aforementioned crime and found not guilty.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FIRST AMENDMENT – RETALIATORY ARREST)

43. Plaintiffs incorporate herein all the prior allegations.

44. Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiffs without any lawful basis.

45. These adverse acts were done due to Plaintiff Miller's exercise of his First Amendment right to free speech and his right to file a formal complaint against law enforcement at city hall.

46. Plaintiff Miller's retaliatory arrest was based on Defendant Officers' knowing, deliberate, and reckless disregard for the truth, wherein they made false statements and omissions that created falsehoods that were incorporated into documents, including an affidavit and a no-knock search warrant. Such statements were material and necessary to finding probable cause for the false charges that were levied against Plaintiff Miller. The retaliatory arrest was made and continued under the color of law and without proper investigation, study, diligence, or basis. Further, the Defendant Officers had no knowledge of any fact or circumstance which would

lead a reasonable person to believe that Plaintiff Miller committed any offense, whatsoever.

47. Defendant Officers intentionally arrested Plaintiff Miller and/or had him arrested with the intention of deterring him from exercising his First Amendment right to file a complaint at city hall.

48. Defendant Officers' conduct in entering Plaintiffs' home and aiming firearms at all of them deprived them of their liberty without their consent, probable cause, legal justification, just cause, or any other legally valid reason.

49. Plaintiffs suffered harm as a result.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FIRST AMENDMENT – RETALIATORY ARREST)

50. Plaintiffs incorporate herein all prior allegations.

51. Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiffs without any lawful basis.

52. These adverse acts were done in retaliation to Plaintiff Miller being a First Amendment auditor.

53. In his role as a First Amendment auditor, Plaintiff Miller routinely records and/or photographs police officers.

54. Plaintiff Miller's retaliatory arrest was based on Defendant Officers' knowing, deliberate, and reckless disregard for the truth, wherein they made false statements and omissions that created falsehoods that were incorporated into documents, including an affidavit and a no-knock search warrant. Such statements were material and necessary to finding probable cause for the false charges that were levied against Miller. The retaliatory arrest was made and continued under the color of law and without proper investigation, study, diligence, or basis. Further, the Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff Miller committed any offense, whatsoever.

55. Defendant Officers intentionally arrested Plaintiff Miller and/or had him arrested with the intention of deterring Plaintiff Miller from engaging in First Amendment auditor activities.

56. Defendant Officers' conduct in entering Plaintiffs' home and aiming firearms at all of them deprived them of their liberty without their consent, probable cause, legal justification, just cause, or any other legally valid reason.

57. Plaintiffs suffered harm as a result.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – UNLAWFUL ENTRY

58. Plaintiffs incorporate herein all prior allegations.

59. Defendant Officers, acting under color of law, violated all Plaintiffs' constitutionally protected rights including their right to be free from unlawful entry without probable cause, guaranteed by the Fourth Amendment.

60. Defendant Officers filed a false affidavit to obtain a no-knock warrant.

61. At or around 12:30am, Defendant Officers used the illegally obtained warrant as a basis for entering the Plaintiffs' home.

62. Defendant Officers entered the Plaintiffs' home unlawfully.

63. Plaintiffs suffered harm as a result.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – EXCESSIVE FORCE

64. Plaintiffs incorporate herein all prior allegations.

65. Defendant Officers, acting under color of law, violated all Plaintiffs' constitutionally protected rights including their right to be free from excessive force.

66. Defendant Officers filed a false affidavit to obtain a no-knock warrant.

67. At or around 12:30am, Defendant Officers used the illegally obtained warrant as a basis for entering the Plaintiffs' home.

68. Upon entry of the home, Defendant Officers aimed firearms at everyone inside, including the two minor children, Plaintiffs M.P. and J.G.

69. Plaintiffs suffered harm as a result.

## COUNT V

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – MALICIOUS PROSECUTION)

70. Plaintiffs incorporate herein all prior allegations.

71. The elements of malicious prosecution are as follows:

72. A criminal proceeding commenced against the Plaintiff;

73. Defendant initiated or procured the proceeding;

74. The proceeding was terminated in the Plaintiff's favor;

75. The Plaintiff was innocent of the crime charged;

76. The Defendant lacked probable cause to initiate the criminal proceeding;

77. The Defendant acted with malice; and

78. The Plaintiff suffered harm as a result.

79. Defendant Officers filed a false report to the county prosecutor, charging Miller with having a gun on government property.

80. The proceeding was terminated in Miller's favor because he did not have a real gun.

81. Miller was innocent of the crime charged because he did not have a real gun.

82. Defendant Officers lacked probable cause to initiate the criminal proceeding because they knew Miller did not have a real gun.

83. Defendant Officers acted with malice by filing a false affidavit and obtaining a no-knock warrant.

84. Plaintiffs suffered harm as a result.

## COUNT VI
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FIRST AMENDMENT – RETALIATORY PROSECUTION)

85. Plaintiffs incorporate herein all prior allegations.

86. Defendant Officers, acting under color of law, maliciously charged Plaintiff Miller with a frivolous criminal charge.

87. This adverse act was done in retaliation for Plaintiff Miller engaging in constitutionally protected conduct as described herein, and to prevent him from engaging in such conduct, specifically filing a complaint against the police.

88. Defendant Officers' adverse acts would deter a man of ordinary firmness from continuing to engage in filing complaints against the police in the future.

89. Plaintiffs suffered harm as a result.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FIRST AMENDMENT – RETALIATORY PROSECUTION)

90. Plaintiffs incorporate herein all prior allegations.

91. Defendant Officers, acting under color of law, maliciously charged Plaintiff Miller with a frivolous criminal charge.

92. This adverse act was done in retaliation for Plaintiff Miller engaging in constitutionally protected activity as a First Amendment auditor.

93. Defendant Officers' adverse acts would deter a man of ordinary firmness from continuing to engage in such conduct in the future.

94. Plaintiffs suffered harm as a result.

### COUNT VIII
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (FAILURE TO INTERVENE)

95. Plaintiffs incorporate herein all prior allegations.

96. Each of the above counts in this suit named Defendants, under color of law, were either working in concert with one another to deter Plaintiff Miller from engaging in constitutionally protected activity

97. Even if not all Defendant Officers acted in concert, none of the Defendant Officers intervened to stop the unlawful conduct of one or more of the acting Defendant Officers.

98. Plaintiffs suffered harm as a result.

### COUNT IX
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (CONSPIRACY)

99. Plaintiffs incorporate herein all prior allegation

100. Each of the above counts in this suit named Defendants conspired with one another to commit each count to deter Plaintiff Miller from engaging in constitutionally protected activity.

101. Plaintiffs suffered harm as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against all Defendants:

a. Declaratory judgment that Leon Valley's policies are unconstitutional;

b. Full and fair compensatory damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and the costs and disbursements of this action; and

e. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable, pursuant to Fed. R. Civ. Pr. 38(b).

//

//

                Respectfully submitted,

                EXCOLO LAW, PLLC

By: */s/ Solomon M. Radner*
     Solomon M. Radner, Esq.
     *Attorney for Plaintiffs*
     26700 Lahser Road, Suite 401
     Southfield, MI 48033
     (866) 939-2656
     sradner@excololaw.com

Dated: May 28, 2020