IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACK MILLER, ANNABEL CAMPBELL, | § | |
| MATTHEW PESINA, LISA PESINA, M.P., a | § | |
| Minor and J.G., a Minor, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| CHIEF JOSEPH SALVAGGIO, In His | § | |
| Individual and Official Capacities, | § | CIVIL ACTION NO. 20-cv-00642 JKP |
| OFFICER JIM WELLS, In His  Individual and | § | |
| Official Capacities, OFFICER ANDERSON, | § | |
| In His Individual and Official Capacities, | § | |
| OFFICER SAUCEDO, In His Individual and | § | |
| Official Capacities, OFFICER J. VASQUEZ, | § | |
| In His Individual and Official Capacities, | § | |
| STATE POLICE OFFICER JOHN DOE, In His | § | |
| In His Individual and Official Capacities, | § | |
| BEXAR COUNTY MAGISTRATE, In Their | § | |
| Individual and Official Capacities, | § | |
| KIRBY POLICE DEPARTMENT and | § | |
| LEON VALLEY POLICE DEPARTMENT, | § | |
| Jointly and Severally, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT CHIEF SALVAGGIO AND
OFFICERS WELLS, ANDERSON, SAUCEDO AND VASQUEZ' MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON PULLIUM:

NOW COMES **CHIEF JOSEPH SALVAGGIO,** and **OFFICERS JIM WELLS, ANDERSON, SAUCEDO** and **J. VASQUEZ,** Individually, Defendants in the above entitled and numbered cause, and files this their Motion to Dismiss pursuant to Rule 12(b)(6) FEDERAL RULES OF CIVIL PROCEDURE and in support thereof would respectfully show unto the Court the following:

# I.
# BACKGROUND

Plaintiff Jack Miller is a zoilist who parades as a First Amendment Auditor in search of controversy.  Plaintiff Miller by his own pleading states that on May 31, 2018, he entered the Leon Valley City Hall wearing a Holster and a "Fake Gun" on his hip.   The City of Leon Valley has a Municipal Court located within the City Hall Building and said Court was in session on the date in question.  Under TEXAS PENAL CODE, Chapter 46, § 46.03, *Places Weapons Prohibited*, the statute reads as follows:

> § 46.03 - Places Weapons Prohibited.
>
> "*A person commits an offense if the person intentionally, knowingly or recklessly possesses or goes with a firearm, location restricted knife, club or prohibited weapon...*
>
> *(3)     On the premises of any government court or offices  utilized by the Court.*

Plaintiff claims that Defendant Officers arrived at Plaintiff Miller's home with a search warrant for the following:  "*a black semi-automatic handgun, a go pro camera and any cell phone media devices used to record, computer desktop or lap top and photographic evidence*."   The search warrant was signed by a Magistrate Judge.  Plaintiff's Complaint erroneous assumes that all officers knew that Plaintiff was carrying a "fake gun" as he entered the City of Leon Valley City Hall / Municipal Court Building.  Plaintiffs allege: Count I and II - Violation of the First Amendment; Count III – Fourth Amendment violation of false arrest; Count IV – Excessive force allegation and County V – Malicious Prosecution.

Defendants **CHIEF JOSEPH SALVAGGIO,** and **OFFICERS WELLS, ANDERSON, SAUCEDO** and **VASQUEZ,**  assert their entitlement to qualified immunity under both prongs of the qualified immunity standard.  Defendants actions did not violate Plaintiffs' constitutional rights as alleged

in Plaintiffs' Complaint.   Defendants **CHIEF JOSEPH SALVAGGIO,** and **OFFICERS WELLS,** **ANDERSON, SAUCEDO** and **VASQUEZ,** further assert that their actions were objectively reasonable under the totality of circumstances.

## II.

**FEDERAL RULE OF CIVIL PROCEDURE** 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief may be granted.   Review is limited to the contents of the complaint and matters properly subject to judicial notice.   In analyzing a motion to dismiss for failure to state a claim, the court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.   To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead, "enough facts to state a claim to relief that is plausible on its face."   ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007).   A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009).   The plaintiff must do more than recite the formalistic elements of a cause of action.   ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 556 (2007).   The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions and courts are not bound to accept as true a legal conclusion couched as a factual allegation.   ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead specific facts, not merely conclusory allegations.   When a complaint fails to adequately state a claim such deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 558 (2007).

The case at bar concerns a felony stop which occurred on May 11, 2017 on West Cesar Chavez Boulevard and South Brazos Street near Lanier High School.  Narcotics Officers had the area under surveillance concerning the residents where Lisa Lara and Ralph Trejo resided selling narcotics. Plaintiff Jimmy Martinez was driving a vehicle wherein both Lara and Trejo were passengers. When the vehicle stopped in front of Lara and Trejo's residence known for selling narcotics, a felony stop was conducted by San Antonio Police Officers.  Trejo had an outstanding felony warrant for a parole violation for possession of controlled substance at the time of the stop. Arrested person Lara had Heroin and Plaintiff Martinez possessed Methamphetamines which were discovered pursuant to the felony stop.  Plaintiff Martinez pled guilty to the possession of Methamphetamines and was sentenced to the Texas Department of Criminal Justice. Plaintiff Martinez complains that during the course of the felony stop, that officers had their weapons drawn and his vehicle was blocked by San Antonio Police vehicles during the course of the felony arrest. Plaintiff's allegations fail to state cause of action under 42 U.S.C. § 1983, as a matter of law. *Alfred v. Collins*, 2006 WL 492355 (S.D. Tex. Feb. 28, 2006)(not published); *United States v. Coleman*, 969 F.2d 126, 131 (5th Cir. 1992).

### III.

Defendant **CHIEF JOSEPH SALVAGGIO**, in his Individual Capacity asserts qualified immunity for Plaintiff's claims under Section 1983.  Supervisory officials are not liable for the actions of their subordinates on any theory of vicarious liability. *Roberts v. Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

Plaintiffs' Complaint erroneously assumes that all defendant officers were aware of the "fake gun," however,  Plaintiffs' own pleadings allege a violation of 46.03 of Places Weapons Prohibited wherein Plaintiff Miller admitted to going to the City of Leon Valley Municipal Court

located at the City Hall of the City of Leon Valley with a "fake gun" in a holster.  Defendants **CHIEF JOSEPH SALVAGGIO,** and **OFFICERS WELLS, ANDERSON, SAUCEDO** and **VASQUEZ,** assert that Plaintiffs' Complaint fails to state a cause of action under 42 U.S.C. § 1983 for First Amendment violations, Fourth Amendment violation for false arrest or excessive force and malicious prosecution, as alleged.  Plaintiffs' claim of excessive force fails on the pleadings since the officers in question were executing a valid search warrant.  In ***Strickland v. City of Crenshaw, Miss.,*** 114 F.Supp.3d 400 (N.D. Miss. 2015), the Court dismissed plaintiff's claims for excessive force wherein the officers were executing a search warrant and pointed their weapons at adults and minors inside the residence.  The Court held that the pointing of weapons during the execution of a search warrant was not a constitutional violation and that plaintiff's allegations failed to overcome the qualified immunity defense raised by the individual defendants.  ***Id.*** at 417.  The Court analyzed that certain injuries are so slight that they will never satisfy the injury element of the excessive force analysis.  ***Glenn v. City of Tyler***, 242 F.3d 307, 314 (5th Cir. 2001).

Defendants **CHIEF JOSEPH SALVAGGIO,** AND **OFFICERS WELLS, ANDERSON, SAUCEDO** and **VASQUEZ,** assert their entitlement to qualified immunity for Plaintiff's claims under the First Amendment, Fourth Amendment for false arrest, Excessive Force and Malicious Prosecution. Plaintiff Miller's own actions as alleged in his complaint, gave rise to probable cause for carrying a weapon on the premises of a government court under § 46.03 of the Texas Penal Code.  Plaintiff's Complaint fails to state why the protective shroud of qualified immunity should not be granted to the individual officers based on the facts alleged in Plaintiffs' Complaint. Furthermore, under the second prong of the qualified immunity analysis, Defendants assert that their conduct was objectively reasonable from a totality of the circumstances. ***Mullinex v. Luna***, 577 U.S. ____ 136 S.Ct. 305, 308 (2015).

**WHEREFORE, PREMISES CONSIDERED** Defendants, **CHIEF JOSEPH SALVAGGIO,**
and **OFFICERS WELLS, ANDERSON, SAUCEDO** and **VASQUEZ,** pray that their Motion to Dismiss be
in all things granted and for such other and further relief as they may show themselves justly
entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax

BY:     /s/ Charles S. Frigerio
CHARLES S. FRIGERIO
SBN:  07477500
LEAD COUNSEL IN CHARGE

HECTOR X. SAENZ
SBN:  17514850
**ATTORNEYS FOR CHIEF JOSEPH**
**SALVAGGIO,** AND **OFFICERS JIM WELLS,**
**ANDERSON, SAUCEDO** AND **J. VASQUEZ,**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2020, I electronically filed the foregoing
**DEFENDANTS CHIEF JOSEPH SALVAGGIO,** and **OFFICERS WELLS, ANDERSON, SAUCEDO** and
**VASQUEZ'** Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will
send notification of such filing to the CM/ECF Participant as follows :

Mr. Solomon M. Radner
Excolo Law, PLLC\
26700 Lahser Road, Suite 401
Southfield, MI 48033                      Email: sradner@excololaw.com

 /s/ Charles S. Frigerio
CHARLES S. FRIGERIO