IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JACK MILLER, ANNABEL CAMPBELL, MATTHEW PESINA, LISA PESINA, M.P.,** a Minor and **J.G.,** a Minor,<br><br>Plaintiffs,<br><br>V.<br><br>**CHIEF JOSEPH SALVAGGIO,** In His Individual and Official Capacities, **OFFICER JIM WELLS,** In His Individual and **OFFICER JIM WELLS,** In His Individual and Official Capacities, **OFFICER ANDERSON**, In His Individual and Official Capacities, **OFFICER SAUCEDO**, In His Individual and Official Capacities, **OFFICER J. VASQUEZ,** In His Individual and Official Capacities, **STATE POLICE OFFICER JOHN DOE,** In His In His Individual and Official Capacities, **BEXAR COUNTY MAGISTRATE,** In Their Individual and Official Capacities, **KIRBY POLICE DEPARTMENT** and **LEON VALLEY POLICE DEPARTMENT,** Jointly and Severally,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 20-cv-00642 JKP |

### DEFENDANTS' LEON VALLEY POLICE DEPARTMENT AND KIRBY POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS **LEON VALLEY POLICE DEPARTMENT** ("Leon Valley) and the **KIRBY POLICE DEPARTMENT** ("Kirby") file this their Motion to Dismiss in response to Plaintiffs' Original Complaint as authorized by the Federal Rules of Civil Procedure 12(b)(1) and (6). Defendants respectfully submit the following:

# I.
## NATURE OF THE LAWSUIT/FACTUAL ALLEGATIONS

1. The instant case is a civil action for money damages brought pursuant to 42 U.S.C. § 1983, asserting First and Fourth Amendment violations to the United States Constitution.

2. On May 31, 2018, Plaintiff, Jack Miller, a self-described First Amendment Auditor, was at the City of Leon Valley City Hall, to deliver a complaint against the Leon Valley Police Department. By Miller's own admission in his Complaint, he entered into Leon Valley City Hall with a holstered fake gun on his hip, in plain sight. [Dkt. 1, ¶¶ 16, 17]. Leon Valley's municipal court is located inside its City Hall Building and was in session at the time Miller entered City Hall. In Texas, a person commits an offense if he intentionally possesses a firearm on the premises of a governmental court (municipal court) under TEXAS PENAL CODE, Chapter 46, § 46.03.

# II.
## GROUNDS FOR DISMISSAL

3. Plaintiffs' claims against the Leon Valley and Kirby Police Departments should be dismissed for Plaintiffs' failure to state a claim upon which relief can be granted, for the following reasons:

    a.    The City of Leon Valley Police Department lacks capacity to be sued;

    b.    The City of Kirby Police Department lacks capacity to be sued;

    c.    Plaintiffs' claims are erroneously premised on *respondeat superior* liability and therefore fails to state a claim under 42 U.S.C. 1983 for which relief can be granted;

**III.**
**ARGUMENTS AND AUTHORITIES**

**A.  Standing under 12(b)(1)**

4.      A 12(b)(1) motion addresses whether plaintiff has a right to be in the district court at all and whether the court has the power to hear and dispose of a plaintiff's claim. FED R. CIV. P 12(b)(1).  The 12(b)(1) motion addresses whether plaintiff has stated a cognizable claim and it is a challenge to the sufficiency of the complaint.  *Holloway v. Pagan River Dockside Seafood, Inc.,* 669 F. 3d 448, 452 (4th Cir. 2012).   Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss.   Where subject matter jurisdiction is challenged pursuant to FRCP 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Michigan S. R.R. v. Branch & St. Joseph Cty. Rail Users Ass'n,* 287 F. 3d 568, 573 (6th Cir. 2002).  Specifically, the plaintiff must show that the complaint alleges a claim under federal law, and that the claim is "substantial."  *Id.*

**B.      Standard for 12(b)(6) Motion**

5.      If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law FED R. CIV. P 12(b)(6).   To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).   A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*   Rather, the court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When

considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007) (quoting *In re Katerina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

6.  Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co. of Am.,* 9 F. Supp.2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). As explained herein, Plaintiffs fail to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id; Nationwide BiWeekly Admin. Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

7.  When ruling on a rule 12 (b)(6) motion, courts generally examine only the contents of the pleadings and any attachments thereto. *Brand Coupon Network, LLC v. Catalina Mkting Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, they may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

8.  The Court can determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*, 45 F.2d 914, 917 (5th Cir. 1995).

9. Plaintiffs requests as an afterthought in their "Prayer for Relief" a Declaratory Judgment that Leon Valley's policies are unconstitutional. Plaintiffs fail to assert a request for declaratory relief in the body of its Complaint; fail to identify what "Leon Valley's policies" they are referring to; and fail to establish what constitutional violations they are referencing. Plaintiff's conclusory claims on unidentified policies do not meet the requisite standard to impose constitutional liability. Therefore, as cited above, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes* at 284; *Great Plains Trust Co.* at 313.

### IV.
### LEON VALLEY AND KIRBY POLICE DEPARTMENTS LACK CAPACITY TO BE SUED

10. Defendants, Leon Valley Police Department and Kirby Police Department, move to dismiss the claims against them because they have no separate legal existence and cannot be sued as a matter of law.  In Texas, a municipal police department or a county's sheriff's department is not a legal entity capable of being sued. *Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313-14 (5th Cir. 1991) ([I]n order for a plaintiff to sue a city department, it must enjoy a separate legal existence," (citation and internal quotation marks omitted,).  "Accordingly, our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."  *Id.* (citations omitted); *see also*, *Acala v. Dallas County Sheriff's Dep't.*, 988 F.2d 1210 (5th Cir. 1993) and *Melton v. Dallas County Sheriff's Dept.,* 39 F.3d 320 (5th Cir. 1994).  Attached to respectively and incorporated for all purposes are the City of Leon Valley and the City of

Kirby's City Charters. (**See Exhibits A & B**).1   The Cities of Leon Valley and Kirby are home rule municipalities and all power rests with the legislative body, the City Council.  *See,* Section 1.01 of the City of Leon Valley Charter; Sections 1.01, 2.07 of the City of Kirby Charter; and *Tex. Local Gov't Code* Section 5.004 (Vernon 2010).   Texas home rule municipalities have the full power of local self-government.  *Tex. Local Gov't Code* Section 51.072 (Vernon 2010). This includes the authority to organize their own police forces. *Tex. Local Gov't Code* Section 341.003 (Vernon 2010).   The Leon Valley and Kirby Police Departments do not have a separate jural or legal existence from their respective cities. Because of this pleading failure, Plaintiffs' lawsuit has not properly been filed against any party nor has it stated a claim which waives governmental immunity or a substantial federal law claim. As such, Plaintiffs' lawsuit against the Leon Valley and the Kirby Police Departments must be dismissed with prejudice in its entirety for lack of subject matter jurisdiction. In addition, Defendants do not have the capacity to be sued pursuant to Fed. R. Civ. P. 17.

**V.**
**IN THE ALTERNATIVE, PLAINTIFF'S CLAIMS ARE ERRONEOUSLY PREMISED ON A *RESPONDEAT SUPERIOR* LIABILITY AND THEREFORE FAILS TO STATE A CLAIM UNDER 42 U.S.C. 1983 FOR WHICH RELIEF CAN BE GRANTED**

11.   Plaintiffs' claims against the Leon Valley Department must be dismissed, because Plaintiffs' claims are erroneously premised on *respondeat superior* liability. Plaintiffs assert that the Leon Valley Police Department is liable because the individual Defendants, Chief Joseph Salvaggio, Officer Jim Wells, Officer Anderson, Officer Saucedo, and Officer J. Vasquez were employees of the Leon Valley Police Department when these officers allegedly committed the purported acts set forth in Plaintiffs' Complaint. (*See* Plaintiffs' Original Complaint, ¶¶ 11, 12)

---

1 Defendants request the Court take judicial notice of the City of Leon Valley's and the City of Kirby's Charter provisions as public records.

Plaintiffs' claims against the Kirby Police Department must also be dismissed, because Plaintiffs' claims are likewise erroneously premised on *respondeat superior* liability. Plaintiffs assert that the Kirby Police Department is liable, because of the action(s) of unidentified "Kirby Police" in accompanying Leon Valley police officers in the execution of a no-knock warrant against Plaintiff Miller.

12. It is well established that a municipality is not liable under Section 1983 liability on the basis of *respondeat superior*. *Monell v. Dept. of Soc. Servs*, 436 U.S. 658 (1978). The Fifth Circuit has emphasized that without all of the requisite elements for a *Monell* claim to establish liability, "where a court fails to adhere to the rigorous requirements of culpability (by policymakers) and causation, municipal liability collapses into *respondeat superior* liability". *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (quoting *Bd. of County Comm.of Bryan Cnty. V. Brown*, 520 U.S. 397, 415 (1997). (reference to policymakers added); *see also, City of Canton v. Harris*, 489 U.S. 378, 391-92 (1989).

## VI.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court grant their Motion to Dismiss and dismiss Plaintiffs' claims against Defendants Leon Valley and Kirby Police Departments pursuant to FRCP 12(b)(1) and (6). Defendants further request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED this 27th day of August 2020.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:    (210) 227-3243
Facsimile:    (210) 225-4481
pbernal@rampaglaw.com
aruiz@rampagelaw.com

BY:      */s/ Adolfo Ruiz*
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
**COUNSEL FOR DEFENDANTS
LEON VALLEY AND KIRBY POLICE
DEPARTMENTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this 27th day of August, 2020 to the following:

Solomon M. Radner                                             **E-NOTIFICATION**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
*Attorney for Plaintiffs*

   */s/ Adolfo Ruiz*
PATRICK C. BERNAL
ADOLFO RUIZ