IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JACK MILLER, ANNABEL CAMPBELL, MATTHEW PESINA, LISA PESINA, M.P.,** a Minor and **J.G.,** a Minor,<br><br>Plaintiffs,<br><br>V.<br><br>**CHIEF JOSEPH SALVAGGIO,** In His Individual and Official Capacities, **OFFICER JIM WELLS,** In His Individual and Official Capacities, **OFFICER ANDERSON,** In His Individual and Official Capacities, **OFFICER SAUCEDO,** In His Individual and Official Capacities, **OFFICER J. VASQUEZ,** In His Individual and Official Capacities, **STATE POLICE OFFICER JOHN DOE,** In His In His Individual and Official Capacities, **BEXAR COUNTY MAGISTRATE,** In Their Individual and Official Capacities, **KIRBY POLICE DEPARTMENT** and **LEON VALLEY POLICE DEPARTMENT,** Jointly and Severally,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 20-cv-00642 JKP |

## DEFENDANTS CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ AND RIVERA'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON PULLIUM:

NOW COMES **CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ AND RIVERA,** Individually, Defendants in the above entitled and numbered cause, and files this their Motion to Dismiss pursuant to Rule 12(b)(6) FEDERAL RULES OF CIVIL PROCEDURE and in support thereof would respectfully show unto the Court the following:

I.

Defendant **CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ AND RIVERA,** were named as additional defendants in Plaintiff's First Amended Complaint [ECF Doc. No. 13]. Plaintiffs did not seek leave of Court to file their amended complaint. Defendant City of Leon Valley Police Officers files this motion to dismiss Plaintiff's Complaint against them [ECF Doc. No. 13].

II.
BACKGROUND

Plaintiff Jack Miller is a zoilist who parades as a First Amendment Auditor in search of controversy. Plaintiff Miller by his own pleading states that on May 31, 2018, he entered the Leon Valley City Hall wearing a Holster and a "Fake Gun" on his hip. The City of Leon Valley has a Municipal Court located within the City Hall Building and said Court was in session on the date in question. Under TEXAS PENAL CODE, Chapter 46, § 46.03, *Places Weapons Prohibited*, the statute reads as follows:

> § 46.03 - Places Weapons Prohibited.
>
> "*A person commits an offense if the person intentionally, knowingly or recklessly possesses or goes with a firearm, location restricted knife, club or prohibited weapon…*
>
> (3)    On the premises of any government court or offices  utilized by the Court.

Plaintiff claims that Defendant Officers arrived at Plaintiff Miller's home with a search warrant for the following: "*a black semi-automatic handgun, a go pro camera and any cell phone media devices used to record, computer desktop or lap top and photographic evidence.*" The search warrant was signed by a Magistrate Judge. Plaintiff's Complaint erroneous assumes that all officers knew that Plaintiff was carrying a "fake gun" as he entered the City of Leon Valley

City Hall / Municipal Court Building.  Plaintiffs allege: Count I and II - First Amendment violation; Count III – Fourth Amendment violation of false arrest; Count IV – Excessive force allegation and Count V – Malicious Prosecution.

Defendant **OFFICERS BROOKS, KING, MUNOZ** and **RIVERA,** assert their entitlement to qualified immunity under both prongs of the qualified immunity standard.  Defendants actions did not violate Plaintiffs' constitutional rights as alleged in Plaintiffs' Complaint.  Defendant **OFFICERS BROOKS, KING, MUNOZ** and **RIVERA,** further assert that their actions were objectively reasonable under the totality of circumstances.

### III.

**FEDERAL RULE OF CIVIL PROCEDURE** 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief may be granted.  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  In analyzing a motion to dismiss for failure to state a claim, the court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead, "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009).  The plaintiff must do more than recite the formalistic elements of a cause of action. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 556 (2007).   The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions and courts are not bound to accept as true a legal conclusion couched as a factual allegation.  ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must

plead specific facts, not merely conclusory allegations.  When a complaint fails to adequately state a claim such deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.  ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 558 (2007).

### IV.

In the case at bar, Plaintiffs erroneously assume that the City of Leon Valley Police Officers were aware that Plaintiff Miller was holstering a "Fake Gun" as he entered the City of Leon Valley City Hall / Municipal Court building on the date in question.  Defendants assert that under TEXAS PENAL CODE, Chapter 46, § 46.03, a person commits an offense if he intentionally possesses a firearm on the premises of any governmental court (a municipal court). Plaintiff Miller's provocative conduct by intentionally entering the premises of a government court, led to the execution of a search warrant at his residence.  However, the execution of a search warrant was made in good faith by the defendants herein and did not violate Plaintiffs' constitutional rights.

### V.

Plaintiffs' Complaint erroneously assumes that all defendant officers were aware of the "fake gun," however,  Plaintiffs' own pleadings allege a violation of 46.03 of Places Weapons Prohibited wherein Plaintiff Miller admitted to going to the City of Leon Valley Municipal Court located at the City Hall of the City of Leon Valley with a "fake gun" in a holster.  Defendant **OFFICERS BROOKS, KING, MUNOZ** and **RIVERA,** assert that Plaintiffs' Complaint fails to state a cause of action under 42 U.S.C. § 1983 for First Amendment violations, Fourth Amendment violation for false arrest or excessive force and malicious prosecution, as alleged.  Plaintiffs' claim of excessive force fails on the pleadings since the officers in question were executing a valid search warrant.  In ***Strickland v. City of Crenshaw, Miss.,*** 114 F.Supp.3d 400 (N.D. Miss. 2015), the Court dismissed plaintiff's claims for excessive force wherein the officers were executing a search

warrant and pointed their weapons at adults and minors inside the residence.  The Court held that the pointing of weapons during the execution of a search warrant was not a constitutional violation and that plaintiff's allegations failed to overcome the qualified immunity defense raised by the individual defendants.  *Id.* at 417.  The Court analyzed that certain injuries are so slight that they will never satisfy the injury element of the excessive force analysis.  **Glenn v. City of Tyler**, 242 F.3d 307, 314 (5th Cir. 2001).

Defendant **OFFICERS BROOKS, KING, MUNOZ** and **RIVERA,** assert their entitlement to qualified immunity for Plaintiff's claims under the First Amendment, Fourth Amendment for false arrest, Excessive Force and Malicious Prosecution.  Plaintiff Miller's own actions as alleged in his complaint, gave rise to probable cause for carrying a weapon on the premises of a government court under § 46.03 of the Texas Penal Code.  Plaintiff's Complaint fails to state why the protective shroud of qualified immunity should not be granted to the individual officers based on the facts alleged in Plaintiffs' Complaint. Furthermore, under the second prong of the qualified immunity analysis, Defendants assert that their conduct was objectively reasonable from a totality of the circumstances.  **Mullinex v. Luna**, 577 U.S. ___ 136 S.Ct. 305, 308 (2015).

WHEREFORE, PREMISES CONSIDERED, Defendants, Defendant **OFFICERS BROOKS, KING, MUNOZ** and **RIVERA,** pray that their Motion to Dismiss be in all things granted and for such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax

BY:   /s/ Charles S. Frigerio
       CHARLES S. FRIGERIO
       SBN:  07477500
       LEAD COUNSEL IN CHARGE

       HECTOR X. SAENZ
       SBN:  17514850
       **ATTORNEYS FOR CHIEF JOSEPH SALVAGGIO,** AND **OFFICERS JIM WELLS, ANDERSON, SAUCEDO** AND **J. VASQUEZ OFFICERS BROOKS, KING, MUNOZ** and **RIVERA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2020, I electronically filed the foregoing Defendant **OFFICERS BROOKS, KING, MUNOZ** and **RIVERA**'s Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF Participant as follows :

Mr. Solomon M. Radner
Excolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033                    Email: sradner@excololaw.com

         /s/ Charles S. Frigerio
         CHARLES S. FRIGERIO