IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JACK MILLER, ANNABEL CAMPBELL, MATTHEW PESINA, LISA PESINA, M.P.,** a Minor and **J.G.,** a Minor, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | |
| **CHIEF JOSEPH SALVAGGIO,** In His Individual and Official Capacities, **OFFICER JIM WELLS,** In His Individual and **OFFICER JIM WELLS,** In His Individual and Official Capacities, **OFFICER ANDERSON**, In His Individual and Official Capacities, **OFFICER SAUCEDO**, In His Individual and Official Capacities, **OFFICER J. VASQUEZ**, In His Individual and Official Capacities, **STATE POLICE OFFICER JOHN DOE,** In His In His Individual and Official Capacities, **BEXAR COUNTY MAGISTRATE,** In Their Individual and Official Capacities, **KIRBY POLICE DEPARTMENT** and **LEON VALLEY POLICE DEPARTMENT,** Jointly and Severally, | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 20-cv-00642 JKP |
| Defendants. | § § | |

## DEFENDANTS CITY OF LEON VALLEY'S AND CITY OF KIRBY'S MOTION TO DISMISS PLAINTIFFS' SECOND COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS CITY OF **LEON VALLEY** ("Leon Valley) and the **CITY OF KIRBY** ("Kirby") (collectively referred to herein as "Defendants") file this this Motion to Dismiss in response to Plaintiffs' Complaint [Dkt. 13] as authorized by the Federal Rules of Civil Procedure 12(b)(1) and (6). Defendants respectfully submit the following:

# I.
# NATURE OF THE LAWSUIT/FACTUAL ALLEGATIONS

1.      The instant case is a civil action for money damages brought pursuant to 42 U.S.C. § 1983, asserting Failure to Intervene, Conspiracy, and First and Fourth Amendment violations to the United States Constitution.

2.      On May 31, 2018, Plaintiff, Jack Miller, a self-described First Amendment Auditor, was at the City of Leon Valley City Hall, to deliver a complaint against the Leon Valley Police Department. By Miller's own admission in his Complaint, he entered into Leon Valley City Hall with a holstered fake gun on his hip, in plain sight. [Dkt. 13, ¶ 28]. Leon Valley's municipal court is located inside its City Hall Building and was in session at the time Miller entered City Hall. In Texas, a person commits an offense if he intentionally possesses a firearm on the premises of a governmental court (municipal court) under TEXAS PENAL CODE, Chapter 46, § 46.03.

3.      On May 28, 2020, Plaintiffs filed their original Complaint and Demand for Jury Trial [Dkt. 1] against individually named defendants and the Leon Valley Police Department and the City of Kirby Police Department. On August 27, 2020, the Leon Valley and Kirby Police Departments filed their 12 (b) (1)(6) Motion to Dismiss because the Leon Valley and Kirby Police Departments have no separate legal existence and cannot be sued as a matter of law. [Dkt. 11].

4.      On September 10, 2020, Plaintiffs filed another Complaint and Demand for Jury Trial,[1] this time to include additional police officers and the municipalities of Leon Valley and Kirby as party Defendants. [Dkt. 13].

---

[1] Plaintiff did not reference Dkt. 13 as a "First Amended Complaint". To avoid confusion, Defendants will refer to Dkt. 13 and Plaintiffs' Second Complaint.

5.  Defendants seek dismissal of Plaintiffs' Second Complaint for lack of subject matter jurisdiction (Standing) and failure to state a claim upon which relief can be granted, pursuant to FRCP 12 (b) (1) and (6) for the claims described below:

## II.
## ARGUMENTS AND AUTHORITIES

### A.  Standing under 12(b)(1)

6.  A 12(b)(1) motion addresses whether plaintiff has a right to be in the district court at all and whether the court has the power to hear and dispose of a plaintiff's claim. FED R. CIV. P 12(b)(1).  The 12(b)(1) motion addresses whether plaintiff has stated a cognizable claim and it is a challenge to the sufficiency of the complaint. *Holloway v. Pagan River Dockside Seafood, Inc.,* 669 F. 3d 448, 452 (4th Cir. 2012).  Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss.  Where subject matter jurisdiction is challenged pursuant to FRCP 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Michigan S. R.R. v. Branch & St. Joseph Cty. Rail Users Ass'n,* 287 F. 3d 568, 573 (6th Cir. 2002).  Specifically, the plaintiff must show that the complaint alleges a claim under federal law, and that the claim is "substantial."  *Id.*

### B.  Standard for 12(b)(6) Motion

7.  If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law FED R. CIV. P 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S.

at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, the court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007) (quoting *In re Katerina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

8. Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co. of Am.,* 9 F. Supp.2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). As explained herein, Plaintiffs fail to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id; Nationwide BiWeekly Admin. Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

9. When ruling on a rule 12 (b)(6) motion, courts generally examine only the contents of the pleadings and any attachments thereto. *Brand Coupon Network, LLC v. Catalina Mkting Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, they may also consider documents attached to either

a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id*.

10.     The Court can determine whether Plaintiffs allege a violation of a constitutional right. *Hale v. Townley*, 45 F.2d 914, 917 (5th Cir. 1995). Plaintiffs' conclusory claims on unidentified policies do not meet the requisite standard to impose constitutional liability.

11.     Plaintiffs requests as an afterthought in their "Prayer for Relief" a Declaratory Judgment that Leon Valley's policies are unconstitutional. Plaintiffs fail to assert a request for declaratory relief in the body of its Complaint; fail to identify "Leon Valley's policies" to which they refer; and fail to establish the constitutional violations they reference. Plaintiffs' conclusory claims on unidentified policies do not meet the requisite standard to impose constitutional liability. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes* at 284; *Great Plains Trust Co.* at 313.

## III.
## PLAINTIFFS CANNOT PROVIDE SUFFICIENT EVIDENCE OF A POLICY, PRACTICE OR CUSTOM

12.     To recover a judgment against a city under Section 1983, a plaintiff must ***allege*** and establish that he sustained a deprivation of a constitutional or other federally protected right as a result of some official policy, practice or custom of the governmental entity. *Monell v. Department of Social Services,* 436 U.S. 658, 691-94 (1978). Plaintiffs assert in their Second Complaint that Defendants' unlawful policies and the cities' failure to train its police officers were the direct and proximate cause of Plaintiffs' damages and injuries, which resulted in the Constitutional violations against Plaintiffs. [Dkt. 13, ¶121].

13.     In order for a municipality to be ***liable*** for its policies, practices, or customs, Plaintiff must sufficiently plead that "either (1) that a policy *itself* violated federal law or authorized or directed

the deprivation of federal rights or (2) that a policy was adopted or maintained by the municipality's policymakers with 'deliberate indifference' as to its known or obvious consequences...a showing of simple or even heightened negligence will not suffice.'" *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997 ).  In a §1983 suit against a city, the claim must be based upon the implementation or execution of a policy or custom which was officially adopted by the City. *Monell* holds that a governmental entity can be found liable under Section 1983 only if the entity itself causes the constitutional violation at issue.  *Monell,* 436 U.S. at 690-91.  Thus, Plaintiffs must allege with **specificity** and **particularity** that their claims are based on the City's official policy, **not** the policy of an individual official or officer. *Bennett v. City of Slidell,* 728 F.2d 762, 769 (5th Cir.1984).

14. Plaintiffs do not plead that the implementation or execution of a policy was officially adopted by the City. Plaintiffs generally allege in their Second Complaint the Defendants' policies, practices and/or customs by failing to: (1) adequately supervise and train their officers by, "failing to adequately discourage further constitutional violations on the part of its officers"; (2) "properly and adequately monitor and discipline it officers, including individual Defendants"; and (3) "adequately and properly investigate citizen complaints of police misconduct. . . ." and that Defendants, "acted with deliberate indifference to the constitutional rights of the Plaintiffs" [Dkt. 13, ¶121]. Plaintiffs further generally assert that Defendants are, "directly responsible for the individual Defendants acting the way they did as outlined in this lawsuit."[Dkt. 13, ¶122]. Plaintiffs make the conclusory allegation that the Defendants' unwritten policies demonstrates deliberate indifference to the constitutional rights of the Plaintiffs. [Dkt. 13, ¶123].

15. Plaintiffs' general and conclusory allegations are not sufficient to overcome Defendants' Motion to Dismiss.  Plaintiffs must plead specific facts that their alleged injury resulted from a

permanent and well-settled practice or custom of the City. *Fraire v. City of Arlington,* 957 F 2d 1268, 1278 (5th Cir. 1992). In *Spiller v. City of Tx. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997), the arrestee alleged the officer who effected arrest without probable cause "was acting in compliance with the municipality's customs, practices or procedures. The Fifth Circuit held that an arrestee's conclusory allegations were insufficient to allege municipal liability under §1983. *Id.* at 164.

**A.    Plaintiffs have not plead that the alleged policy was adopted or maintained by the municipality's policymakers.**

16.    Plaintiffs must sufficiently plead that the alleged policy or custom was adopted or maintained by the municipality's policymakers who have either actual or constructive knowledge of the alleged policy, practice, or custom. *Brown*, 520 U.S. at 410; *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)("Actual or constructive knowledge of a custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."); *Webster v. City of Houston,* 735 F.2d 838, 842 (5th Cir. 1984). Plaintiffs have not alleged that a policymaker for Defendants, having policy making authority, had actual or constructive knowledge of an alleged unconstitutional policy, practice or custom and acted with 'deliberate indifference' as to its known or obvious consequences.

**B.    Plaintiffs have not plead deliberate indifference.**

17.    To establish deliberate indifference, a plaintiff must plead a pattern of similar violations. *Connick v. Thompson*, 563 U.S. 51, 62 (U.S. 2011). "Deliberate indifference is a stringent standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Valle v. City of Houston*, 613 F.3d 536, 547 (5th Cir. 2010); *Brown v. Bryan Cty., OK*, 219 F.3d 450, 457 (5th Cir. 2000) (quoting *Bd. of the Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 410 (1997)).

18. A single incident cannot serve as the basis of liability against the government entity. *Rodriguez v. Avita*, 871 F.2d 552, 554 (5th Cir. 1989) (*citing, City of Oklahoma City vs. Tuttle*, 471 U.S. 808 (1985)).

**C.      Plaintiffs fails to state a claim for failure to train or supervise.**

19. To prevail on a "failure to train theory" a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009).   Plaintiffs have failed to state a claim for failure to train or supervise. "In order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective." *Zarnow v. City of Wichita Falls Tex.*, 614 F.3d 161, 170 (5th Cir. 2010) (internal quotation marks omitted) (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)).

20. Plaintiffs only generally allege that, "Defendant City of Leon Valley has a history of unlawfully training. [Dkt. 13, ¶124]. Plaintiffs make no allegation against the City of Kirby for having a history of unlawfully training.  As to both Defendants, Plaintiffs make no allegations regarding a particular training program at issue, particular inadequacies in Defendant officers' training, or in their specific involvement in the training.  Because of this, Plaintiffs fail to adequately state a claim for relief as to the first element of a failure to train claim. *Trammell v. Fruge*, 868 F.3d 332, 345 (5th Cir. 2017) (plaintiff "… fails to identify any specific inadequacies in [the city's] training materials or procedures which give rise to his claim"); *Bryan v. City of Dallas*, 188 F.Supp.3d 611, 621 (N.D. Tex. 2016) (dismissing a failure-to-train claim under Rule 12(b)(6) because the plaintiffs "neither identified a particular training program nor specified how

such a program is deficient") *as cited by Pierre v. Oginni*, No. 3:17-CV-0259, 2018 WL, 4220848, at *3 (S.D. Tex. Sept. 5, 2018). Moreover, as to the second and third elements, Plaintiffs make no allegation of deliberate indifference on the part of the Defendants, who drew an inference of a substantial risk of harm to the Plaintiffs from an inadequate training policy.

21.     Plaintiffs make conclusory allegations that Defendants supervision of its officers was deficient as it relates to excessive force, unlawful arrests, and unlawful searches and seizures, but do not plead that the deficient supervision reflects a 'deliberate' or 'conscious' choice by a municipality." *World Wide* at 756 (quoting *City of Canton*, 489 U.S. at 389) (internal quotation marks omitted).

22.     "In order to survive a motion to dismiss, a complaint must contain not only legal conclusions, but sufficient factual allegations to state a claim for relief that is 'plausible on its face'." *Pierre v. Oginni*, No. 3:17-CV-0259, 2018 WL 4220848, at *4 (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "… [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id*. Where, as in the instant case, Plaintiffs allege no specific facts about a particular training program, its procedures, an alleged deficiency that caused the officers' behavior or any other supporting facts, therefore, Plaintiffs' claims do not survive a motion to dismiss. *Id*.

## IV.
## PLAINTIFFS' CLAIMS ARE ERRONEOUSLY PREMISED ON A *RESPONDEAT SUPERIOR* LIABILITY

23.     Plaintiffs must plead that their claims are based on Defendants' official policies, not the policy of an individual official or officer. Thus, *respondeat superior* or vicarious liability cannot be a basis for recovery under Section 1983.  *Monell,* 436 U.S. at 691. Municipalities "… are liable

only for their own acts and not those attributed to them by principles of *respondeat superior*." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (footnote omitted).

24. Plaintiffs' claims must be dismissed because Plaintiffs' claims are erroneously premised on *respondeat superior* liability. Plaintiffs assert that "Defendants Leon Valley and Kirby directly caused the constitutional violations suffered by Plaintiffs and is [sic] liable for the damages caused as a result of the conduct of the individual Defendants." Plaintiffs further assert in their Second Complaint: "The conduct of the individual Defendant officers was a direct consequence of the policies and practices of Defendant City" [Dkt. 13, ¶120]. "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; . . ." *Board of the County Com'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 406-407 (1997).

25. Individually named City of Leon Valley police officers[2] were employed by the City, when these officers allegedly committed the purported acts set forth in Plaintiffs' Second Complaint. [Dkt. 13, ¶¶ 7-15].

26. Plaintiffs' claims against the City of Kirby must also be dismissed, because Plaintiffs' claims are likewise erroneously premised on *respondeat superior* liability. Plaintiffs assert that the City of Kirby is liable, because of the action(s) of individual John Doe Kirby officers who allegedly "participated in the search of Plaintiff's home and use of excessive force. . ." [Dkt. 13, ¶¶ 16,120].

27. The Fifth Circuit has emphasized that without all of the requisite elements for a *Monell* claim to establish liability, "where a court fails to adhere to the rigorous requirements of culpability (by policymakers) and causation, municipal liability collapses into *respondeat superior* liability".

---

[2] Individual Defendants, Salvaggio, Jim Wells, Officer Anderson, Officer Saucedo, Officer J. Vasquez, Officer Brooks, Officer King, Officer Munoz, and Officer Rivera.

*Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (quoting *Bd. of County Comm.of Bryan Cnty. V. Brown*, 520 U.S. 397, 415 (1997). (reference to policymakers added); *see also, City of Canton v. Harris*, 489 U.S. 378, 391-92 (1989).

28. For all of the aforementioned reasons, Plaintiffs have failed to plead a viable cause of action against Defendants under §1983. Further, since Plaintiffs fail to plead a viable cause of action against the City of Kirby, there were no unconstitutional policies, procedures or practices carried out by any unnamed Kirby police officers.

## V.
## DISMISSAL OF DECLARATORY JUDGMENT ACTION IS WARRANTED

29. The Declaratory Judgment Act is an enabling act that confirms discretion on the courts rather than an absolute right on a litigant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The act confers on federal courts discretion in deciding whether to declare the rights of litigants. *Id.* at 286. The fact that a Court can enter a declaratory judgment does not mean that it should. *Hewitt v. Helms*, 482 U.S. 755, 762 (1987). The act provides no independent basis for jurisdiction. *Medtronic Inc. v Mirowski Family Ventures L.L.C.*, 134 S.Ct. 843, 848 (2014).

30. The Fifth Circuit has held that to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, the plaintiff must allege facts from which it appears that he/she will suffer injury in the future. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). In the case at bar, plaintiffs do not allege any ongoing injury or any threat of a likely or imminent future injury. Plaintiffs merely asks the Court to declare that Defendants' policies are unconstitutional, without sufficient facts. Accordingly, Defendants seek dismissal of Plaintiffs' declaratory judgment action. [Dkt. 13, Prayer for Relief (a)].

## VI.
## DEFENDANTS ARE IMMUNE FROM EXEMPLARY/PUNITIVE DAMAGES

31. The United States Supreme Court has long held that a municipality is immune from punitive and exemplary damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). The Fifth Circuit has faithfully applied the ruling in *City of Newport*. *See, Skyy v. City of Arlington*, 712 Fed. Appx. 396, 401 (5th Cir. 2017) (municipality immune from punitive damages, issue resolved on Rule 12(b)(6) motion); *Gil Ramirez Grp., LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412-13 (5th Cir. 2015); *Stern v. Hinds Cty. Miss.,* 436 Fed.Appx. 381, 382 (5th Cir. 2011). As such, Defendants are immune from punitive and exemplary damages and these damages claims must be dismissed as a matter of law either under Rule 12(b)(1) or 12(b)(6).

## VII.
## DEFENDANTS ARE IMMUNE FROM PLAINTIFFS' ALLEGED CONSPIRACY CLAIMS

32. Assuming without deciding that a cause of action exists for a conspiracy claim, Texas Tort Claims Act provides that sovereign immunity exists for intentional torts, such as conspiracy. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057; *Univ. of Tex. Med. Branch of Galveston v. Hohman,* 6 S.W.3d 767, 777 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.). *TCI West End, Inc., v. City of Dallas and Texas Historical Commission*, 274 S. W. 3d  913, 921 (Tex. App. –Dallas 2009, rehearing overruled) (the Commission and the City, as governmental units, cannot be held liable for the intentional tort of conspiracy). As such, sovereign immunity protects Defendants against Plaintiffs' conspiracy claims.

# VIII.
# PLAINTIFFS' DECLARATORY JUDGMENT ACTION AGAINST DEFENDANTS MUST BE DISMISSED.

33. Plaintiffs are not entitled to its attorney's fees pursuant to 42 U.S.C. §1988. The Declaratory Judgment Act "does not create a substantive cause of action," but "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 U.S. Dist. LEXIS 88527 (N.D. Tex. Sept. 25, 2009). The act provides no independent basis for jurisdiction. *Medtronic Inc. v Mirowski Family Ventures L.L.C.*, 134 S.Ct. 843, 848 (2014). The availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right because the declaratory judgment is not itself a cause of action, only a form of relief the court may grant. *Schilling v. Rogers,* 363 U.S. 666, 677 (1960); *Collin Cnty., Tex., v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990). Plaintiffs simply ask the Court in their prayer to declare Defendants' policies unconstitutional. However, as noted above, Plaintiffs do not have personal First and Fourth Amendment right violations against Defendants. Therefore, Plaintiffs do not have an underlying judicially remediable right and cannot seek declaratory relief. Accordingly, Defendants seek dismissal of Plaintiffs' declaratory judgment request for relief. [Dkt. 13, Prayer for Relief].

# IX.
# CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court grant their Motion to Dismiss and dismiss Plaintiffs' claims against Defendants City of Leon Valley and City of Kirby pursuant to FRCP 12(b)(1) and (6). Defendants further request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED this 14th day of December 2020.

                                Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:   (210) 225-4481
pbernal@rampaglaw.com
aruiz@rampagelaw.com

BY:       */s/ Adolfo Ruiz*
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
**COUNSEL FOR DEFENDANTS**
**LEON VALLEY AND KIRBY POLICE**
**DEPARTMENTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this 14th day of December, 2020 to the following:

Solomon M. Radner                                        **E-NOTIFICATION**
JOHNSON LAW FIRM
535 Griswold St., Suite 2632
Detroit, MI 48226
*Attorney for Plaintiffs*

                                       */s/ Adolfo Ruiz*
PATRICK C. BERNAL
ADOLFO RUIZ