IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JACK MILLER, ANNABEL CAMPBELL, MATTHEW PESINA, LISA PESINA, M.P.,** a Minor and **J.G.,** a Minor,<br><br>Plaintiffs,<br><br>V.<br><br>**CHIEF JOSEPH SALVAGGIO,** In His Individual and Official Capacities, **OFFICER JIM WELLS,** In His Individual and Official Capacities, **OFFICER ANDERSON**, In His Individual and Official Capacities, **OFFICER SAUCEDO**, In His Individual and Official Capacities, **OFFICER J. VASQUEZ**, In His Individual and Official Capacities, **STATE POLICE OFFICER JOHN DOE,** In His In His Individual and Official Capacities, **BEXAR COUNTY MAGISTRATE,** In Their Individual and Official Capacities, **KIRBY POLICE DEPARTMENT** and **LEON VALLEY POLICE DEPARTMENT,** Jointly and Severally,<br><br>Defendants. | CIVIL ACTION NO. 20-cv-00642 JKP |

### DEFENDANTS CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ AND RIVERA'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON PULLIUM:

NOW COMES **CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ,** and **RIVERA,** Individually, Defendants in the above entitled and numbered cause, and files this their Reply in Support of their Motion to Dismiss (Doc. 16) pursuant to Rule 12(b)(6) FEDERAL RULES OF CIVIL PROCEDURE and in support thereof would respectfully show unto the Court the following:

## I.

Defendant CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ, AND RIVERA, have asserted their entitlement to qualified immunity under both prongs of the qualified immunity defense.  Defendants assert qualified immunity for all claims made the basis of Plaintiffs' First Amended Complaint.  Plaintiffs' claims of First Amendment retaliatory arrest, Fourth Amendment unlawful entry, Fourth Amendment excessive force and Fourth Amendment malicious prosecution are the basis for Plaintiffs' federal claims.  Plaintiffs allegations of retaliatory prosecution, failure to intervene and conspiracy under 42 U.S.C. § 1983 are derivative of the original claims and are subject to the qualified immunity analysis.

## II.

The case at bar concerns Plaintiff Jack Miller's actions in entering the City of Leon Valley City Hall/Municipal Court Building carrying what he alleges was a "Fake Gun" in a holster in plain view.  In Texas, a person commits an offense if he intentionally possesses a firearm on the premises of a governmental court (municipal court) under TEXAS PENAL CODE, Chapter 46, § 46.03.  Plaintiff Miller's own provocative acts lead to the execution of a search warrant signed by a magistrate judge.

Plaintiff Miller responds that his civil rights were violated under the First and Fourth Amendment to the Constitution by the execution of the search warrant since he was only carrying a "Fake Gun".  Who is to determine whether or not it was a "fake gun" simply because Plaintiff Miller alleges it was not an operable weapon capable of discharging a bullet?  Plaintiff Miller's own intentional provocative acts led to the execution of a search warrant for the firearm in question.  Miller's own actions gave rise to probable cause for violating TEXAS PENAL CODE, Chapter 46, § 46.03.

Plaintiffs' claims of excessive force for drawing weapons during the course of the search fails to allege a violation under the Fourth Amendment.  Excessive force claims under the Fourth

Amendment require a showing of (1) an injury; (2) which resulted directly and only from the use of force that was excessive to the need; and (3) that the force used was objectively unreasonable. ***Bush v. Strain***, 513 F.3d 492, 500 (5th Cir. 2008). The fact that the Defendant Officers exhibited their weapons and pointed the weapons at the occupants of the home, does not state a cause of action under the Fourth Amendment. ***Strickland v. City of Crenshaw, Miss.,*** 114 F.Supp.3d 400, 417 (N.D. Miss. 2015).

Defendants **CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ, AND RIVERA,** assert unto the Court that their actions did not violate Plaintiffs' Constitutional rights as alleged in Plaintiffs' Original Complaint. ***Plumhoff v. Ricard***, ___ U.S. ___ 134 S.Ct. 2012, 2023 (2014). Defendants further assert that based on the totality of the circumstances, their action were not objectively unreasonable and therefore, they are entitled to the protective shroud of qualified immunity. ***Mullinex v. Luna***, 577 U.S. ___ 136 S.Ct. 305, 308 (2015).

WHEREFORE, PREMISES CONSIDERED, **CITY OF LEON VALLEY POLICE OFFICERS BROOKS, KING, MUNOZ, AND RIVERA,** pray that their Motion to Dismiss be in all things granted and for such other and further relief as they may show themselves justly entitled.

        Respectfully submitted,

        LAW OFFICES OF CHARLES S. FRIGERIO
        A Professional Corporation
        Riverview Towers
        111 Soledad, Suite 840
        San Antonio, Texas 78205
        (210) 271-7877

        BY:   /s/ Charles S. Frigerio
                CHARLES S. FRIGERIO
                SBN:  07477500
                LEAD COUNSEL IN CHARGE

HECTOR X. SAENZ
SBN: 17514850
**ATTORNEYS FOR DEFENDANTS**
**CHIEF JOSEPH SALVAGGIO, OFFICERS JIM WELLS, ANDERSON, SAUCEDO, J. VASQUEZ, BROOKS, KING, MUNOZ** and **RIVERA**

### CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2020, I electronically filed the foregoing Defendant **OFFICERS BROOKS, KING, MUNOZ** and **RIVERA**'s Reply in Support of its Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF Participant as follows :

Mr. Solomon M. Radner
JOHNSON LAW, PLC
535 Griswold St., Suite 2632
Detroit, MI 48226 (313) 324-8300                    Email: sradner@venjohnsonlaw.com


 /s/ Charles S. Frigerio
CHARLES S. FRIGERIO