**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JACK MILLER, et al.,**

     *Plaintiffs*,

**v.**                                                                                      **Case No. SA-20-cv-00642-JKP**

**CHIEF JOSEPH SALVAGGIO, et al.,**

     *Defendants*,

**ORDER GRANTING**
**MUNICIPAL DEFENDANTS' MOTION TO DISMISS**

Before the Court is a motion to dismiss filed by the municipal defendants, City of Leon Valley and City of Kirby (ECF No. 33). With the filing of the response (ECF No. 35) and reply (ECF Nos. 36, 37) the motion is ripe for ruling. Plaintiffs allege that at the time of the events that formed the basis of this lawsuit, the Police Chief of Leon Valley "encouraged" his officers to arrest "individuals exercising their first amendment rights." ECF No. 31 at 23-24. Plaintiffs bring claims against the cities of Leon Valley and Kirby under 42 U.S.C. § 1983 alleging Leon Valley had a custom of targeting first amendment auditors and concocting reasons to arrest them. Plaintiffs' claims proceed on unconstitutional custom and failure to train theories. *Id.* The municipal defendants move to dismiss the claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that Plaintiffs' conclusory allegations are insufficient to state any claim pursuant to *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978).

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation and internal quotation marks omitted). A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

Municipal liability under § 1983 requires proof of: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights (4) whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Grandstaff v. City of Borger,* 767 F.2d 161, 171 (5th Cir. 1985) ("(1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right.")

An official policy, for purposes of § 1983 liability, is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*). Alternatively, official policy is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.; accord Gomez v. Galman*, 18 F.4th 769, 777 (2021); *see also Monell*, 436 U.S. at 690-91 (allowing § 1983 liability for governmental custom which causes injury to federal rights "even though such a custom has not received formal approval through the body's official decision making channels").

2

"A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). To plausibly plead a practice "so persistent and widespread as to practically have the force of law," a plaintiff must do more than describe the incident that gave rise to his injury. *Peña v. City of Rio Grande*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). Instead, the plaintiff must demonstrate "a pattern of abuses that transcends the error made in a single case." *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001).

"In order to find a municipality liable for a policy based on a pattern, that pattern 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017) (quoting *Peterson*, 588 F.3d at 850). A pattern requires similarity and specificity, as well as "sufficiently numerous prior incidents" as opposed to "isolated instances." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)). "Where prior incidents are used to prove a pattern, they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Peterson*, 588 F.3d at 850 (quotations omitted).

Plaintiffs allege that the City of Leon Valley has an established widespread custom of targeting first amendment auditors for arrest, creating false bases to arrest first amendment auditors, arresting first amendment auditors for merely exercising their first amendment rights, and that this unwritten policy was conceived of and encouraged by then Police Chief Salvaggio.

3

ECF No. 31. Plaintiffs further allege that several Leon Valley police officers were involved in the search and seizures that formed the basis of this lawsuit. Plaintiffs oppose Defendants' motion contending that "Defendant Leon Valley, through its former police chief Defendant Salvaggio, maintained a policy to arrest individuals who engage in protected conduct for false reasons. This policy is engrained in the customs and practices of Leon Valley's police department and was intentionally maintained and encouraged by Defendant Salvaggio." ECF No. 35 at 2. Further, Plaintiffs argue their live pleading sufficiently alleges a *Monell* claim because it alleges "Defendant Salvaggio, Chief of Police for Defendant Leon Valley at the time of the incidents giving rise to this lawsuit, had an unlawful policy, practice or custom to train, permit, and encourage Leon Valley police officers to make arrests for false reasons, including in response to constitutionally protected conduct." *Id.* at 7 (citing ¶¶ 138-45 of the live pleading). Additionally, "Defendant Salvaggio on several occasions has encouraged the arrest and prosecution of individuals exercising their first amendment rights." *Id.* at 9 (citing live pleading at ¶ 143).

The operative complaint lacks facts that demonstrate a pattern or common practice and does not show that Leon Valley or Kirby police officers arrested anyone else for engaging in constitutionally protected speech or activities. Thus, Plaintiffs' fall short of stating a claim based on an unconstitutional custom theory. This short-fall warrants dismissal under Rule 12(b)(6). *See Villarreal v. City of Laredo*, 17 F.4th 532, 546 (5th Cir. 2021) (affirming the district court's dismissal of *Monell* claim based on "custom" for failure to "allege that city employees retaliated against, investigated, or arrested anyone else because of their speech").

A successfully pled claim for failure to train pleads facts plausibly establishing "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused

4

the violations in question." *Ratliff v. Aransas Cty.*, 948 F.3d 281, 285 (5th Cir. 2020) (quoting

*Zarnow*, 614 F.3d at 170). In the failure to train context, deliberate indifference may be established

by pleading either (1) that a municipality had "notice of a pattern of similar violations at the time

the plaintiff's own rights were violated," or that the specific injury suffered is a "highly predictable

consequence of a failure to train." *Robles v. Ciarletta*, 797 F. App'x 821, 833-34 (5th Cir. 2019).

A plaintiff must "allege with specificity how a particular training program is defective."

*Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Deliberate indifference is alleged

with facts that show the "municipal actor disregarded a known or obvious consequence of his

action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). "To

demonstrate deliberate indifference, a plaintiff must show that 'in light of the duties assigned to

specific officers or employees, need for more or different training is obvious, and the inadequacy

so likely to result in violations of constitutional rights, that the policymakers of the city can

reasonably be said to have been deliberately indifferent to the need." *World Wide St. Preachers*

*Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009) (quoting *City of Canton, Ohio*

*v. Harris*, 489 U.S. 378, 389 (1989)).

> In this case, Plaintiffs offer only conclusory allegations, to wit:
>
> Defendant City of Leon Valley and Defendant Salvaggio have a history of unlawfully training and permitting officers to arrest individuals engaged in protected conduct. Defendant Salvaggio on several occasions has encouraged the arrest and prosecution of individuals exercising their first amendment rights.
>
> Defendant City's supervision of the defendant officers, was deficient as it to relates to excessive force, unlawful arrests, and unlawful searches and seizures. Defendant City made a deliberately indifferent choice to not provide adequate supervision of these officers to ensure that such actions are not repeated, and that is exactly why these defendant officers were enabled and in fact emboldened to violate the plaintiffs' Constitutional rights as outlined herein.

ECF No. 31 ¶¶ 143-44. Plaintiffs contend in their response that the allegations that "Defendants

City of Leon Valley and Salvaggio as chief of police at the time, inadequately train and supervise

city officers, including the defendant officers, where defendants train and permit police officers

for Leon Valley to arrest individuals engaged in protected conduct" are "sufficiently detailed to

state a claim that the city failed to adequately train its officers." ECF No. 35 at 13.

Plaintiffs appear to allege that Leon Valley did not properly train its officers on the rights

of First Amendment auditors; instead, Chief Salvaggio encouraged and permitted unlawful arrests.

Plaintiffs allege the City has a "history of permitting officers to arrest individuals engaged in

protected conduct," but there are no facts that show a pattern of such arrests. Additionally, the

operative complaint states in conclusory fashion that the "direct and proximate cause of the

damages and injuries complained of were caused by policies, practices and /or customs developed,

implemented, enforced, encouraged, and sanctioned by Defendant City, including the failure" to

adequately, supervise, train, monitor, and discipline its officers and failures to "adequately and

properly investigate citizen complaints of police misconduct" instead, tolerating such conduct.

ECF No. 141 ¶ 140.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Fundamental to stating a claim is

pleading facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

An adequately asserted claim provides "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* Absent specific allegations

supporting deliberate indifference and facts that support causation, Plaintiffs' conclusory

allegations do not state a claim for relief and subject Plaintiffs' failure to train claim to dismissal

under Rule 12(b)(6). *See Ratliff*, 948 F.3d at 285 (affirming dismissal of failure to train claim for

failure to plead "specific allegations supporting a plausible causation inference").

For the reasons set forth above, the Court **GRANTS** the City of Leon Valley and City of Kirby's motion to dismiss (ECF No. 33). The Court dismisses the cities of Kirby and Leon Valley from this lawsuit.

**It is so ORDERED this 7th day of April 2022.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**