**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **JACK MILLER, et al.,** § | |
| *Plaintiffs,* § | |
| § | |
| vs. § | |
| § | **Cause No. 5:20-cv-00642-JKP-RBF** |
| **JOSEPH SALVAGGIO, et al.,** § | |
| *Defendants.* § | |
| § | |

## JOINT ADVISORY TO THE COURT

To the Honorable United States Magistrate Judge Richard B. Farrer:

Plaintiffs and Defendants file this Joint Advisory to the Court pursuant to Judge Farrer's Order entered on April 3, 2023, Dkt. No. 70, regarding the status of discovery issues raised by Plaintiffs in their motion to compel [*See* Dkt. No. 63], and Defendants' response to that motion. [*See* Dkt. No. 66]. Counsel for the parties conferred in good faith on April 11, 2023, from 2:30 P.M. to 3:00 P.M., and tentatively resolved the issues raised in Plaintiff's motion to compel.

**First**, the parties agree that based on recent production, and Defendants' promise to produce additional information, that there is not a current need for a hearing on Plaintiffs' motion to compel filed at Dkt. No. 63.

**Second**, the parties are taking the following positions on the discovery matters raised by Plaintiffs' motion to compel filed at Dkt. No. 63.

1. **All LVPD policy and/or operation manuals with forms signed by officers.**

    Defendants' counsel is under the impression that he produced everything in Defendants' possession, but he is going to provide confirmation or supplemental information by Monday, April 17, 2023.

2. **The complete LVPD personnel file, including disciplinary records, for each officer.**

   Defendants' counsel represented that all related documents in Defendants' possession were produced to Plaintiffs' counsel in recent supplemental production, so this matter is tentatively resolved.

3. **All complaints filed against each officer.**

   Defendants' counsel represented that all related documents in Defendants' possession were produced to Plaintiffs' counsel in recent supplemental production, so this matter is tentatively resolved.

4. **All records related to Salvaggio's termination from LVPD.**

   Defendants' counsel agreed to produce supplemental information by Monday, April 17, 2023.

5. **Communications on auditors/cop-watchers/protestors/activists from May 2018.**

   Defendants' counsel represented he is still reviewing emails for privilege and will supplement by Monday, April 17, 2023. Defendants' counsel further represented that there are not any text messages, call records, dispatch logs, or other records of communication in Defendants' possession due to the length of time that has passed.

   Plaintiffs still need to review the information that Defendants intend to supplement, but are tentatively evaluating addressing this issue in a future motion for a spoilation instruction since the parties were involved in related litigation since July 4, 2018, and Plaintiffs are of the position that responsive information should have been preserved.

6. **Communications Salvaggio received on auditors/copwatchers/protestors/activists from 2017.**

   Same response as item 5 above.

7. **All communications Salvaggio sent or received on auditors/copwatchers/protestors/activists from Jan. 2018 - his termination.**

    Same response as item 5 above.

8. **Communications on Miller that officers received prior to his May 31, 2018, visit to Leon Valley City Hall.**

    Same response as item 5 above.

9. **Communications related to Miller's two visits to the LV Municipal Building.**

    Same response as item 5 above.

10. **Communications related to Miller's two visits to the LV Municipal Building that Salvaggio sent, including to other agencies.**

    Same response as item 5 above.

11. **Communications from 5/31/18 related to search/arrest warrants obtained.**

    Same response as item 5 above.

12. **Communications from 5/31/18 related to organizing the raid.**

    Same response as item 5 above.

13. **Communications related to the raid on 5/31/18-6/1/18 that Salvaggio sent, including to other agencies.**

    Same response as item 5 above.

14. **Cell phone records for any cell phone used during the incident.**

    Defendants' counsel represented that there are not any cell phone records in Defendants' possession due to the length of time that has passed, and the belief that cell phones and systems likely switched over sometime after the 2018 incident.

Plaintiffs are evaluating whether to raise this issue in a future motion for a spoilation instruction since the parties were involved in related litigation since July 4, 2018, and Plaintiffs are of the position that responsive information should have been preserved.

15. **Surveillance footage from Miller's two visits to the LV Municipal Building on 5/31/18.**

    Defendants' counsel represented that this information is not in the Defendants' possession. Plaintiffs are not aware of any basis to challenge this representation, so at this time, Plaintiffs consider this matter resolved.

16. **Photos of all signage visible in/around the LV Municipal Building lobby on 5/31/18.**

    Defendants' counsel represented that all related documents in Defendants' possession were produced to Plaintiffs' counsel in recent supplemental production, so this matter is tentatively resolved.

17. **All dash cam footage from the raid.**

    Defendants' counsel represented that all related documents in Defendants' possession were produced to Plaintiffs' counsel in recent supplemental production, so this matter is tentatively resolved.

18. **All missing chain of evidence reports and forensic analyses.**

    Defendants' counsel represented that all related documents in Defendants' possession were produced to Plaintiffs' counsel in recent supplemental production, so this matter is tentatively resolved.

19. **Salvaggio's response to Miller's RFPs.**

    Plaintiffs acknowledge receipt of Salvaggio's responses to requests for production. Plaintiffs are still evaluating the objections made, and recognize that those objections were not part of Plaintiffs' motion to compel currently before the Court.

Respectfully Submitted,

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

**Law Office of Charles S. Frigerio**

*/s/ Charles S. Frigerio (w/ permission)*
**CHARLES S. FRIGERIO**
csf@frigeriolawfirm.com
**Hector X. Saenz**
hxs@frigeriolawfirm.com
111 Soledad, Suite 465
San Antonio, Texas 78205
Telephone: (210) 271-7877
Facsimile: (210) 271-0602
**COUNSEL FOR DEFENDANTS**