UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JACK MILLER, et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | CIVIL ACTION NO. 5-20-CV-00642-JKP |
| v. § | |
| § | |
| JOSEPH SALVAGGIO, et al., § | |
| § | |
| *Defendants.* § | |

### PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

TO THE HONORABLE JASON PULLIAM, UNITED STATES DISTRICT JUDGE:

Plaintiffs **JACK MILLER, ANNABEL CAMPBELL, MATTHEW PESINA, LISA PESINA, J.G. and M.P. minors**, move this Cour under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment entered on August 23, 2023. (Dkt. Nos. 101 and 102). Plaintiffs assert that the judgment was based upon a manifest error of law or fact.

**First**, this Court mistakenly asserted that Plaintiff could only prevail on Count IV (unlawful search) if they overcome the Defendant officers' good faith showing of probable cause. (Dkt. No. 101 at 10). This disregards Plaintiffs' claim that the defendants seized firearms, mobile phones, and other electronics that were not identified in the scope of the warrant. (Dkt. No. 89 at 48-49). *Compare* the search warrant at Dkt. No. 89-1 at A-935-36 *with* the inventory at A-922. The officers, for instance, seized a router.

**Second**, probable cause could not have existed to obtain a search warrant of Jack Miller's residence. (Dkt. No. 89-1 at 937-938). The officers did not provide any facts whatsoever that

1

linked *any evidence* of *any crime* to Jack Miller's *residence*. The officers never detained him at the multi-use building and allowed him to get in his vehicle and drive away. No one followed him. How could the officers assert that Jack Miller's residence would have evidence of a crime? Of course, these extra details were omitted from the search warrant affidavit. A valid search warrant may be issued only upon a finding of probable cause and the information necessary to show probable cause must be contained within a written affidavit given under oath. *United States v. Brown*, 941 F.2d 1300, 1302 (5th Cir. 1991). "A police officer seeking the issuance of a warrant must present an affidavit containing facts sufficient to provide the magistrate with a substantial basis for determining the existence of probable cause." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006). Qualified immunity does not protect officers who maliciously or recklessly represent or omit material information when presenting information to procure a warrant or indictment. *See Hale v. Fish*, 899 F.2d 390, 402 (5th Cir. 1990)(affirming the denial of qualified immunity based on affidavit submitted in support of arrest that contained material misstatements and omissions of such character that no reasonable officer would have submitted it to a magistrate).

**Third**, probable cause could not have existed at the time the officers drafted the affidavit and submitted it to the magistrate. Specific to the Weapons Prohibited charge, the conduct prohibited is *possession*. *Cummings v. Bexar Cty.*, 2018 U.S. Dist. LEXIS 185417, *18 (W.D. Tex. Oct. 30, 2018). "[T]he offense of possession of a prohibited weapon [is] complete" when a person is "placed in possession of the prohibited weapon." *Hawkins v. State*, 535 S.W.2d 359, 362 (Tex. Crim. App. 1976). There is no question that the officers did not know with any certainty whether Jack Miller *possessed* a *prohibited weapon* in a prohibited place. However, once the Defendant Officers allowed Jack Miller to leave the building and drive away, objectively, every officer would understand that they could *never* establish later whether Jack Miller *possessed* a

2

*prohibited weapon*—no matter how many firearms they found in his home or strapped to his hip. Nonetheless, the officers omitted critical information in the arrest warrant affidavit which they knew would mislead the magistrate to believe that they *knew with certainty* that Jack Miller possessed a prohibited weapon in a prohibited place, and that there was certainty that they would recover that specific firearm.  (Dkt. No. 89-1 at 867-68).

Specifically, they represented Jack Miller in fact had a firearm.  If the officers represented they *thought* it was a firearm, this would have raised objective questions about whether they could ever establish the crime once they allowed him to leave (twice) and drive away.  They omitted that they never detained Jack Miller.  They omitted that he returned to the lobby to file his complaint and that they had ample time to detain him.  They omitted that they never accused him of violating the law, or that they did not know who he was until Salvaggio told them (after Jack Miller left). The officers omitted that he drove away and no one followed him.

As previously stated, qualified immunity does not protect officers who maliciously or recklessly represent or omit material information when presenting information to procure a warrant or indictment. *Hale*, 899 F.2d at 402.

**Fourth**, even if probable cause did exist, then the Court should evaluate whether the *Nieves v. Bartlett* exception applies for the retaliation claims.  139 S.Ct. 1715 (2019).  There is objective evidence in the summary judgment record detailing that Leon Valley police officers would treated Jack Miller differently from any other citizen once they realized *who* he was.  Specifically, Officer Rivera testified that when people came to her security table with a prohibited item, they were to be offered a lockbox and allowed entry.  (Dk. No. 94-8 at 11).  She never prepared any incident report or arrested anyone.  (Dk. No. 94-8 at 11).  Jack Miller was treated differently for his activism and because he was filing a complaint against the City of Leon Valley.

For these reasons, Plaintiffs respectfully requests that this motion be granted and (1) that the Court's order and judgment on August 23, 2023, be vacated, and (2) that summary judgment be granted to Plaintiffs in this mater.

Respectfully Submitted,

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 31st day of August 2023, to the following:

**LAW OFFICE OF CHARLES S. FRIGERIO**

**Charles S. Frigerio**
csf@frigeriolawfirm.com
**Hector X. Saenz**
hxs@frigeriolawfirm.com
111 Soledad, Suite 465
San Antonio, Texas 78205
Telephone: (210) 271-7877
Facsimile: (210) 271-0602
**COUNSEL FOR DEFENDANT OFFICERS**