UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JACK MILLER, et al.;

  *Plaintiffs*,

v.                                              Case No.  SA-20-CV-00642-JKP

CHIEF JOSEPH SALVAGGIO, et al.;

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment. *See* ECF No. 103. The Defendants filed a response. *See* ECF No. 104. The Plaintiffs did not reply and the deadline to do so has passed. The motion is therefore ripe for ruling. For the reasons discussed herein, the Court **DENIES** the motion. *See* ECF No. 103.

### BACKGROUND

This case is a 42 U.S.C. § 1983 civil rights action in which Jack Miller, a Second Amendment activist, and members of his family, challenge the Defendant officers' arrest and prosecution of Miller, and the search of his family's home, based on Miller's alleged violation the day before of Texas Penal Code Section 46.03, for bringing a firearm into a court or an office utilized by a court. The undersigned entered final judgment in this matter on August 23, 2023, finding the Defendant officers are entitled to qualified immunity and granting summary judgment in their favor. *See* ECF Nos. 101, 102. Specifically, the Court found insufficient evidence in the record to support the Plaintiffs' contention that the gun Miller was carrying during his interaction with the Defendant officers was fake, nor did it find evidence the

Defendant officers had reason to believe it was fake. Furthermore, the Court found Miller's entry into the building's lobby was sufficient to support the officers' reasonable belief that Miller violated the statute. The Plaintiffs now ask the Court to amend its judgment based on arguments already presented and rejected on summary judgment. The Court, therefore, denies the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Rule 59(e), relief is appropriate: (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Id.*; *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) serves a narrow purpose and is an "extraordinary remedy" that should be "used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Such a motion calls into question the correctness of the district court's judgment, which "will not be disturbed in the absence of a showing that it has worked an injustice." *Id*. at 478.

## ANALYSIS

The Plaintiffs offer four reasons why they say the Court should alter or amend its judgment: (1) even if the Defendant officers had probable cause to obtain a search warrant, they exceeded the scope of the warrant; (2) the Defendant officers did not provide any facts linking evidence of a crime to the Miller residence; (3) the Defendant officers could not have had probable cause to believe Miller possessed a prohibited weapon because they did not know for

certain the gun he was carrying was real; and (4) the Defendant officers targeted Miller in retaliation for his activism. With these arguments, the Plaintiffs attempt to rehash evidence and arguments presented, and rejected, on summary judgment. *See* ECF No. 89 at 35, 43, 48, 49. This is an inappropriate basis for a Rule 59(e) motion. *See Simon*, 891 F.2d at 1159. The motion is, therefore, denied.

## CONCLUSIONS

The Court finds the Plaintiffs raise no issues giving rise to relief under Rule 59(e) and, accordingly, **DENIES** their motion to amend the judgment. *See* ECF No. 103.

It is so ORDERED.
SIGNED this 13th day of November, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE